FILED
SUPERIOR COURT
OF GUAM

2021 JAN 25 PM 4: 15

CLERK OF COURT

By: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CM0090-00** |
| | GPD Report No. 99-16358 |
| Plaintiff, | |
| v. | |
| | **DECISION AND ORDER** |
| | **GRANTING REVOCATION OF** |
| **LEONARDO MONES FIEL,** | **PROBATION** |
| DOB: 09/07/1955 | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on May 7, 2007 for a Return of Bench Warrant Hearing in the above-captioned matter related to Leonardo Mones Fiel's ("Defendant's") failure to abide by his probationary terms. During the hearing, the Court revoked the Defendant's probation, sentenced defendant to forty-two (42) days incarceration, and now issues this written decision memorializing its ruling.

### BACKGROUND

In January 2000, the Defendant was charged with Driving While Under the Influence of Alcohol (as a Misdemeanor), Fraudulent Use of a License Plate (as a Misdemeanor), and Reckless Driving (as a Petty Misdemeanor). (Complaint, Jan. 24, 2000).

Defendant posted $1,000 bail and the Probation Office imposed the following relevant conditions on his pre-trial release:

   1) Defendant shall appear at all further criminal trial proceedings
   2) Defendant shall report to the Probation Office monthly

(Order of Conditional Release, May 24, 2000).

In October 2000, a bench warrant was issued for Defendant's arrest, after Defendant failed to appear for his Criminal Trial Setting on October 20, 2000. (Bench Warrant, Oct. 24, 2000).

In October 2000, a violation report was filed stating that Defendant failed to report to the Probation Office on a monthly basis. (Violation Report, Oct. 26, 2000).

Defendant subsequently pled guilty to Driving While Under the Influence of Alcohol (as a Misdemeanor), and a judgment was entered imposing the terms of the agreement: fine of one thousand dollars ($1,000.00) plus court costs; seventy-five (75) hours of community service; and a probationary term of two (2) years. (Judgment, Feb. 5, 2001). The following relevant conditions of probation were imposed:

   1) Attend and complete and pay the $200 tuition fee of an Alcohol Treatment Program as ordered by the Court
   2) Report to the Department of Mental Health and Substance Abuse ("DMHSA") for intake and assessment
   3) Report once a month to the Probation Office

Id.

In November 2001, a violation report was filed stating that Defendant failed to make monthly payments on his fines and had over $960.00 outstanding, failed to perform any community service, failed to pay off his Alcohol Treatment Program tuition fee, and failed to report to DMHSA for intake and assessment. (Violation Report, Nov. 16, 2001).

In February 2002, a bench warrant was issued for Defendant's arrest after Defendant failed to appear for his Further Proceedings Hearing scheduled for February 11, 2002. (Bench Warrant, Feb. 11, 2002).

In August 2002, another violation report was filed stating that Defendant still had over $960 outstanding left to pay on his fine, failed to complete his community service hours, failed to report to DMHSA for intake and assessment, and hadn't reported to the Probation Office in more than half a year. (Violation Report, Aug. 20, 2002).

In August 2002, a bench warrant was issued for Defendant's arrest after Defendant failed to appear at his Further Proceedings Hearing scheduled for August 26, 2002. (Bench Warrant, Aug. 26, 2002).

In March 2005, a violation report was filed stating that Defendant had over $950 left outstanding on his fine payments, failed to report to DMHSA for intake and assessment, and hadn't reported to the Probation Office in half a year. (Violation Report, Mar. 14, 2005).

In August 2005, a bench warrant was issued for Defendant's arrest after Defendant failed to appear at his Further Proceedings Hearing scheduled for August 8, 2005. (Bench Warrant, Aug. 8, 2005).

The Court held a Return of Bench Warrant Hearing on May 7, 2007 in which the Court decided to revoke the Defendant's probation. (Minute Entry, May 7, 2007).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of his probation conditions and that there was probable cause to support the violations. The Defendant repeatedly failed to pay off his fine, complete community service, or attend DMHSA for intake/assessment. Furthermore, Defendant missed four court hearings, requiring four separate bench warrants over a five year period.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating numerous conditions of his probation. Defendant accumulated multiple violations both while on pre-trial release and on post-trial probation. Defendant failed to attend multiple court hearings, and left several of his probationary terms unfulfilled years after they were to be completed. Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore the court finds that revocation is in the public's best interest and satisfies the ends of justice. 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant, Leonardo Mones Fiel's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to forty-two (42) days incarceration at the Department of Corrections, Mangilao. This sentence shall run concurrently with any other incarceration Defendant may be serving. Defendant shall be credited for any time already served in the above-captioned matter. After the completion of the Defendant's sentence the Court shall close this case.

**IT IS SO ORDERED** on this ___JAN.25,2021___ *nunc pro tunc* to May 7, 2007.



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**